IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REZAC LIVESTOCK COMMISSION
COMPANY, INC.,

    Plaintiff,

v.

PINNACLE BANK and DINSDALE
BROTHERS, INC.,

    Defendants.

Case No. 15-cv-04958-DDC-KGS

## MEMORANDUM AND ORDER

Plaintiff Rezac Livestock Commission Company, Inc. has sued defendants Pinnacle Bank and Dinsdale Brothers, Inc. ("Dinsdale"). The First Amended Complaint asserts a contract claim against Dinsdale and conversion claims against Dinsdale and Pinnacle Bank. Doc. 6. In general terms, plaintiff seeks to recover nearly $1 million for cattle that it claims it sold to Dinsdale in September 2015. This matter comes before the court on Pinnacle Bank's Motion to Dismiss the only claim asserted against it—the conversion claim in Count III. Doc. 19. Plaintiff filed a response opposing the motion (Doc. 26), and Pinnacle Bank submitted a reply (Doc. 28). After reviewing all arguments, the court grants Pinnacle Bank's motion for the reasons stated below.

**I.**    **Background**

Because Pinnacle Bank brings this motion under Federal Rule of Civil Procedure 12(b)(6), the facts governing this motion are taken from plaintiff's First Amended Complaint ("Complaint"). *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

Plaintiff sells cattle in St. Marys, Kansas.[1] Defendant Dinsdale, a Nebraska corporation, buys and sells cattle. At some point, Dinsdale hired Charles Leonard of Leonard Cattle Company to purchase cattle for Dinsdale. On September 29, 2015, Mr. Leonard bought 668 head of cattle for Dinsdale from plaintiff. Altogether, the 668 head cost $980,361. Plaintiff shipped the cattle to two Colorado feed lots. Mr. Leonard wrote a check payable to plaintiff for the full purchase amount, but his bank would not honor the check. Plaintiff claims that it never received payment for the cattle.

Mr. Leonard is not a party to this suit, but his bank is. Mr. Leonard maintains a checking account with defendant Pinnacle Bank, a Nebraska bank authorized to do business in Kansas.

Plaintiff alleges, and for this motion the court assumes, that "[t]he Dinsdale family [who] owns Pinnacle Bank is the same family [who] owns Dinsdale Bros." Doc. 6 at 3. Around October 1, 2015, Dinsdale wired funds to Pinnacle Bank for the cattle. The Complaint asserts that Pinnacle Bank, because it had owners in common with Dinsdale, "knew the funds wired to Pinnacle Bank [by Dinsdale] were [plaintiff's] funds for the payment of the [l]ivestock purchased by and delivered to Dinsdale." Doc. 6 at 3. Despite this knowledge, Pinnacle Bank twice refused, and continues to refuse, to release payment for the cattle. Doc. 6 at 4.

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] The elected leaders of St. Marys have chosen to do without an apostrophe, so the court follows suit.

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss like this one, the court must assume that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678.

### III.   Analysis

Pinnacle Bank moves to dismiss plaintiff's conversion claim, asserting that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The court agrees.

Conversion is "the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another." *Moore v. State Bank of Burden*, 729 P.2d 1205, 1210 (Kan. 1986) (citing *Carmichael v. Halstead Nursing Ctr., Ltd.*, 701 P.2d 934, 938 (Kan. 1985)).[2] Money deposited with a bank usually becomes property of the bank. *Id.* So,

---

[2] As a diversity action, this case could present choice-of-law questions. But, as Pinnacle Bank acknowledges, Nebraska and Kansas law present "little or no" difference on the law governing conversion claims. Doc. 20 at 2. But even if there was a difference, Kansas law controls because, "[i]n Kansas, tort actions are governed by the law of the state in which . . . the wrong was felt," and in cases alleging financial harm the court looks to "the state in which . . . [plaintiff] felt that financial injury." *Doll v. Chicago Title Ins. Co.*, 246 F.R.D. 683, 690 (D. Kan. 2007) (citing *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985); *Fusion, Inc. v. Neb. Aluminum Castings, Inc.*, No. 95-2366-JWL, 1997 WL 51227, at *24 (D. Kan. Jan. 23, 1997)). In this case, that state is Kansas because plaintiff is a Kansas corporation and sold Leonard the cattle in Kansas. The court thus applies Kansas law.

"money deposited in a bank ordinarily cannot be the subject of an action for conversion." *Id.* (citing *Baker v. Brial*, 341 P.2d 987, 988 (Kan. 1959)).

The general rule recognized in cases such as *Moore* and *Baker* will not abide the gravamen of plaintiff's claim. Plaintiff alleges that Pinnacle Bank converted money deposited in a checking account. But Kansas law couldn't reject this theory more succinctly: "money deposited in a bank ordinarily cannot be the subject of an action for conversion." *Id.* (citing *Baker*, 341 P.2d at 988).

The court realizes that this statement of the rule does use the qualifier "ordinarily," and so the court must consider the exceptions to the rule as well. There are two. The first applies when a plaintiff alleges that a bank has taken funds from a customer's account to pay a debt owed the bank if the bank knows (or should know) that the seized funds belong to someone else. *Iola State Bank v. Bolan*, 679 P.2d 720, 732 (Kan. 1984). The second exception applies when funds are "segregated into a special account and designated to be kept separate." *Moore*, 792 P.2d at 938 (citing *Chilson v. Capital Bank of Miami*, 701 P.2d 903, 906 (Kan. 1985)).

The Complaint never alleges any facts that would qualify the conversion claim for either one of the exceptions. The closest the Complaint comes to alleging any facts that might support an exception is paragraph 47. It asserts: "Defendant Pinnacle Bank at all times has known the funds wired into its bank by Dinsdale Bros. on October 1, 2015, belonged to [plaintiff] for the purchase of the" cattle. Doc. 6 at 6. But that allegation, even if plaintiff could prove its truth, does not state a claim that is plausible under either exception recognized by Kansas law. The court thus grants Pinnacle Bank's Motion to Dismiss.[3]

---

[3] The court also has considered plaintiff's argument that Pinnacle Bank cannot qualify as a "good faith purchaser[] for value" because it knew about an alleged manipulation of Mr. Leonard's agency. Doc. 26 at 3. The court perceives this argument as a misplaced one for plaintiff's Complaint never asserts that it is a secured creditor of the

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Pinnacle Bank's Motion to Dismiss Count III of plaintiff's First Amended Complaint (Doc. 19) is granted.

**IT IS SO ORDERED.**

**Dated this 26th day of August, 2016, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

kind that would make a good-faith-purchaser analysis appropriate. *See, e.g.*, Kan. Stat. Ann. § 84-9-320; Kan. Stat. Ann. § 84-9-317(b)–(d).