## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

REZAC LIVESTOCK COMMISSION
COMPANY, INC.,

      **Plaintiff,**

v.

PINNACLE BANK and DINSDALE
BROTHERS, INC.,

      **Defendants.**

Case No. 15-cv-04958-DDC-KGS

## MEMORANDUM AND ORDER

Plaintiff Rezac Livestock Commission Company, Inc. filed a First Amended Complaint against defendants Dinsdale Brothers, Inc. and Pinnacle Bank.  In that First Amended Complaint, plaintiff alleged just one claim against Pinnacle Bank—for conversion.  On August 26, 2016, the court granted defendant Pinnacle Bank's motion to dismiss that conversion claim.  Doc. 30. Three days later, plaintiff filed a Motion to Reconsider and for Leave to File an Amended Complaint.  Doc. 31.  Pinnacle Bank opposes plaintiff's Motion.  Doc. 33.  For reasons explained below, the court grants plaintiff's Motion in part and denies it in part.

## Background

Plaintiff sells cattle in St. Marys, Kansas.[1]  Defendant Dinsdale Brothers, Inc. ("Dinsdale"), a Nebraska corporation, buys and sells cattle.  At some point, Dinsdale hired Charles Leonard of Leonard Cattle Company to purchase cattle for Dinsdale's operation.  On September 29, 2015, Mr. Leonard bought 668 head of cattle for Dinsdale from plaintiff. Altogether, the 668 head cost $980,361.45.  Plaintiff shipped the cattle to two Colorado feed lots.

---

[1] Like the Ceasars Palace Hotel, St. Marys, Kansas, has chosen not to use an apostrophe in its name.

Around October 1, 2015, Dinsdale wired funds to Mr. Leonard's bank account for Mr. Leonard to pay plaintiff with, but plaintiff claims that it never received payment for the cattle. After Dinsdale wired him the funds, Mr. Leonard wrote a check payable to plaintiff for the full purchase amount.  The check was drawn on Mr. Leonard's checking account with defendant Pinnacle Bank, a Nebraska bank authorized to do business in Kansas.  Although Mr. Leonard is not a party to this case, his bank is.

The Conversion Claim

In its First Amended Complaint, plaintiff alleged a conversion claim against Pinnacle Bank, contending that Pinnacle Bank wrongfully refused to honor Mr. Leonard's check to plaintiff.  Pinnacle Bank filed a motion to dismiss plaintiff's conversion claim, doc. 19, and the court granted that motion on August 26, 2016, doc. 30.  In its Order, the court explained that plaintiff had not alleged facts to support applying either one of the two exceptions to the general rule in Kansas law that banks are not liable for conversion of funds in a general deposit account. *Id.* at 4.  And so the court ruled that plaintiff had failed to state a claim upon which relief could be granted against Pinnacle Bank.  *Id.*  Three days later, plaintiff filed this Motion to Reconsider and for Leave to File an Amended Complaint, asking the court to reconsider its Order dismissing the conversion claim.  Doc. 31.

The Colorado Action

Before plaintiff initiated this case in Kansas, Dinsdale and another company who is not a party to this case sued plaintiff in Colorado on October 21, 2015 ("the Colorado Action").  In general terms, the Colorado Action arose from the same nucleus of operative facts.  The Colorado federal court dismissed that action on September 19, 2016, for lack of personal

jurisdiction.  *Dinsdale Bros., Inc. v. Rezac Livestock Comm'n Co.*, No. 1:15-cv-02422-REB-KLM (D. Colo. Sept. 19, 2016), ECF No. 48.  Pinnacle was not a party to the Colorado Action.

In the eleven or so months while the Colorado Action was pending, Dinsdale and plaintiff conducted some discovery.  Scheduling Order, *Dinsdale Bros.*, No. 1:15-cv-02422-REB-KLM (D. Colo. Mar. 2, 2016), ECF No. 28.  During that discovery, plaintiff claims that it found communications between Dinsdale and Pinnacle Bank that provide additional support for a conversion claim against Pinnacle Bank.  Doc. 32 at 4–5.  Plaintiff never informed our court about this additional information, or even advised that it recently had come to possess new information that buttressed its conversion action against Pinnacle Bank.  But, plaintiff's reconsideration motion relies heavily on the assertion that this new information exists.

## Analysis

The court views plaintiff's Motion as two separate motions:  (1) a motion to reconsider its August 26 Order dismissing plaintiff's conversion claim against Pinnacle Bank ("Motion to Reconsider") and (2) a motion for leave to amend plaintiff's First Amended Complaint ("Motion to Amend").  The court considers both motions, separately, below.

### I.     Motion to Reconsider

Plaintiff correctly brings its Motion to Reconsider under our D. Kan. Rule 7.3(a),[2] which states that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to" Federal Rules of Civil Procedure 59(e) or 60.  Rules 59(e) and 60 apply only after a court enters judgement.  But not all dispositive orders require the court to enter judgment.  So, "[n]either the Federal Rules of Civil Procedure nor this court's local rules recognize a motion for reconsideration when it contemplates a dispositive order" before judgment is entered, which

---

[2] The court references the Rules of Practice of the United States District Court for the District of Kansas throughout this Order as "D. Kan. Rule __," followed by the relevant rule number.

is exactly what plaintiff's Motion to Reconsider contemplates. *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548–49 (D. Kan. 2006) (citing *Nyhard v. U.A.W. Int'l*, 174 F. Supp. 2d 1214, 1216 (D. Kan. 2001)).  Luckily, our court has faced this conundrum before.  In such situations, our court has relied on its "discretion to revise an interlocutory order at any time prior to the entry of final judgment" and treated the motion as one for reconsideration. *Id.* at 549 (citations omitted).  In doing so, our court applies "the legal standards applicable to a Rule 59(e) motion to alter or amend and/or a motion to reconsider a non-dispositive order under D. Kan. Rule 7.3, which are essentially identical." *Id.*

D. Kan. Rule 7.3(b) requires a movant to base its motion for reconsideration on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga*, 236 F.R.D. at 549 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).  "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

Plaintiff contends that two factors in our Rule 7.3(b) require the court to reconsider its August 26 Order:  the need to correct a clear error and newly discovered evidence.  The court considers both, below.

4

### A.    The Need to Correct Clear Error or Prevent Manifest Injustice

In its August 26 Order, the court held that plaintiff's First Amended Complaint did not allege "any facts that would qualify the conversion claim for either" exception to the general rule in Kansas law that banks cannot be held liable for conversion of funds in a general deposit account.  Doc. 30 at 4.  Plaintiff contends that this holding is clear error, and so the court should change its previous ruling.  Plaintiff bases its argument on three things.  First, that the court, in its August 26 Order, added "a technical requirement that [plaintiff] use specific words" to allege a conversion claim against Pinnacle Bank.  Doc. 36 at 5.  Second, that plaintiff's allegations were sufficient to "fairly advise" Pinnacle Bank of the claim against it.  Doc. 32 at 10.  And third, that plaintiff's allegation that "Dinsdale Bros. and Pinnacle Bank together obtained almost a million dollars' worth of cattle from [plaintiff] for their mutual benefit and profit" was sufficient to satisfy the motion to dismiss standard.  *Id.* at 9–10.  None of plaintiff's arguments persuade the court to reverse its August 26 decision.

First, the court's August 26 Order did not require plaintiff to allege that Pinnacle Bank used Mr. Leonard's funds to set off a debt by using the term "set off."  The court simply held that the facts alleged in plaintiff's First Amended Complaint did not suffice to provide a basis for a reasonable inference that Pinnacle Bank had set off a debt with funds from Mr. Leonard's account.  *See* Doc. 30 at 4.  The court did not require plaintiff to use specific words to satisfy the motion to dismiss standard.

Second, plaintiff's argument that it need only allege facts sufficient to "fairly advise" Pinnacle Bank of the claim against it is unpersuasive.  Simply alleging facts that fairly advise a defendant of the claim against it is no longer sufficient to satisfy the motion to dismiss standard.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62 (2007) (rejecting the liberal, literal reading

of the *Conley v. Gibson*, 355 U.S. 41 (1957), fair-notice/any-basis standard).  Today, courts require the plaintiff—at minimum—to allege facts sufficient to "give the defendant fair notice of what the . . . claim is *and the grounds upon which it rests*."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (emphasis added) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  So, the question before the court in its August 26 Order was not whether plaintiff alleged facts sufficient to fairly advise Pinnacle Bank that plaintiff was asserting a conversion claim.  Instead, the court considered whether plaintiff had alleged facts sufficient, if true, to state a conversion claim against Pinnacle Bank, giving Pinnacle Bank fair notice of the grounds upon which plaintiff's conversion claim rested.  *See id.* at 1190–91; *Twombly*, 550 U.S. at 555–56.  The court thus rejects plaintiff's reliance on a pleading standard that the Supreme Court has supplanted.

Third, plaintiff's allegation that Pinnacle Bank benefited and profited from refusing to pay Mr. Leonard's check does not satisfy the motion to dismiss standard.  To state a claim for conversion, plaintiff must allege facts that, if true, support an exception to the Kansas rule—announced in *Moore v. State Bank of Burden*—that "money deposited in a bank ordinarily cannot be the subject of an action for conversion."  729 P.2d 1205, 1210 (Kan. 1986) (citing *Baker v. Brial*, 341 P.2d 987, 988 (Kan. 1959)).  The exception that plaintiff invoked in its First Amended Complaint was established in *Iola State Bank v. Bolan*, 679 P.2d 720 (Kan. 1984).  *Bolan*'s exception requires allegations sufficient to support a reasonable inference that Pinnacle Bank took funds from Mr. Leonard's account to pay a debt that Mr. Leonard owed Pinnacle Bank, even though the bank knew that the funds belonged to plaintiff.  *See Iola State Bank*, 679 P.2d at 732.  Plaintiff's allegation that Pinnacle Bank benefited and profited from refusing to pay Mr. Leonard's check will not—without more—permit a plausible inference that Pinnacle Bank

6

refused to pay Mr. Leonard's check because the bank kept the funds to pay itself on a debt that Mr. Leonard owed the bank. To be sure, plaintiff might have pleaded facts that could support such an inference. But a court must judge a complaint's sufficiency by what it actually alleges— and not by what it might have alleged. This limitation is particularly important when, as here, the plaintiff never asserted that it had newly found the capacity to enhance its allegations.

The court concludes that it did not commit clear error when granting Pinnacle Bank's motion to dismiss. The court based its decision on the absence of any allegations asserting why Pinnacle Bank refused to honor Mr. Leonard's check. The court's August 26 decision dismissing plaintiff's conversion claim against Pinnacle Bank was not clearly erroneous.

### B.    Newly Discovered Evidence

Plaintiff next asks the court to reconsider its Order on the motion to dismiss based on newly discovered evidence. Plaintiff contends that this new evidence makes "Rule 59(e) relief . . . appropriate" and thus the court should "consider the newly discovered evidence and determine this case on the merits." Doc. 36 at 5–6.

A party may seek Rule 59(e) relief to submit new evidence only when it can show "either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Somerlott v. Cherokee Nation Distributors*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)); *see also Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992) (reciting similar rule for evaluating motions to reconsider based on newly discovered evidence). "At the time of the decision" means evidence that "was available at the time . . . [the motion] was granted"; in other words, when the court entered its order. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598,

611 (10th Cir. 2012); *see also In re Cook*, No. 7-04-17704-NLJ, 2013 WL 2477273, at *1 (D.N.M. June 11, 2013) (explaining that counsel must have made a diligent attempt to obtain the evidence "if the evidence was available at the time of the ruling" (citing *Monge*, 701 F.3d at 611)).  And, "[m]erely claiming that one did not previously know the importance of the evidence is not sufficient to support a motion to reconsider."  *Farmland Indus., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 02-4135-JAR, 2004 WL 2958458, at *1 (D. Kan. Dec. 16, 2004) (citing *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994)).  But, even when a plaintiff can satisfy this standard, "newly discovered evidence must be 'of such a nature as would probably produce a different result'. . . [and] the aggrieved party [must] demonstrate 'how [the] newly discovered evidence [would have] warranted relief from dismissal.'"  *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012) (citations and footnote omitted).  Otherwise, reconsideration is not warranted.  *See id.*

Here, plaintiff contends that—through discovery in the Colorado Action—it found evidence that Pinnacle Bank is Mr. Leonard's secured and unsecured creditor, and that Pinnacle Bank applied the funds intended for plaintiff to his debts to the bank.  Doc. 32 at 4, 11.  Plaintiff also asserts that it learned that Dinsdale and Pinnacle Bank were in close contact about Mr. Leonard's financial status, and that they even discussed whether Dinsdale should pay plaintiff directly instead of through Mr. Leonard.  *Id.*  Had plaintiff alleged these facts in its First Amended Complaint, the court likely would have reached a different conclusion when ruling on Pinnacle Bank's motion to dismiss.  Plaintiff thus satisfies the second half of the newly-discovered-evidence test.  But, whether this evidence is newly discovered evidence such that the court can grant plaintiff relief under Rule 59(e) or Local Rule 7.3(b) is a closer question.

Our court's decision in *Farmland Industries, Inc. v. National Union Fire Insurance Co. of Pittsburgh, Pennsylvania* provides a helpful comparison here.  In that case, the court denied a plaintiff's motion to reconsider based on newly discovered evidence.  2004 WL 2958458, at *1–2.  The court did so because the "newly discovered evidence" that the plaintiff relied on actually was evidence the parties had "generated during 'pretrial discovery.'"  *Id.* at *1.  So the evidence was not new; the plaintiff simply "did not realize the importance of the[] documents until after the [c]ourt issued its summary judgment ruling."  *Id.*  Denying the plaintiff's motion to reconsider, the court held that a plaintiff's failure to recognize the importance of evidence "does not transform otherwise previously available evidence into newly discovered evidence."  *Id.*

Here, discovery began in the Colorado Action around March 2, 2016.  Scheduling Order, *Dinsdale Bros.*, No. 1:15-cv-02422-REB-KLM (D. Colo. Mar. 2, 2016), ECF No. 28.  The court ruled on Pinnacle Bank's motion to dismiss on August 26, 2016.  Doc. 30.  So, discovery in the Colorado Action had been underway for nearly six months before the court ruled on Pinnacle Bank's motion to dismiss—meaning that plaintiff had knowledge of the facts needed to make its new allegations before the court ruled on Pinnacle Bank's motion to dismiss.  Plaintiff does not indicate, however, exactly when it discovered the new evidence, so the court cannot determine just how long plaintiff knew about the evidence before the court's Order dismissing plaintiff's conversion claim.  That plaintiff had this evidence before the court's Order, however, is certain.  Also, it is telling that plaintiff filed this Motion to Reconsider only three days after the court's Order dismissing plaintiff's claims.  *See* Doc. 31.

The allegations plaintiff asks the court to reconsider thus are not based on "newly discovered evidence" but are, instead, allegations based on evidence that plaintiff possessed when the court granted Pinnacle Bank's motion.  So, like in *Farmland Industries*, the evidence

plaintiff relies on is not newly discovered.  Indeed, plaintiff asks the court to reconsider its Order

for the same reason as the plaintiff in *Farmland Industries*:  plaintiff did not recognize the

importance of the evidence it discovered in the Colorado Action to the issue presented by

Pinnacle Bank's motion to dismiss until after the court had ruled on the motion.  The court thus

cannot grant plaintiff's request to alter its dismissal Order based on newly discovered evidence.

But, the court, in its discretion, does not deny plaintiff's Motion to Reconsider in its

entirety.  The court construes plaintiff's Motion to Reconsider as one asking the court to

reconsider (and reverse) its August 26 decision based on newly discovered evidence or,

alternatively, to amend its August 26 Order "to provide that [plaintiff] be granted leave to file" a

second amended complaint.  Doc. 32 at 1.  Although the court cannot grant the former—for

reasons already explained—it can grant the latter.  *E.g.*, *Ferluga*, 236 F.R.D. at 550 (denying a

plaintiff's motion to reconsider but amending the court's order to grant the plaintiff leave to

amend).

Because the "Federal Rules of Civil Procedure state that leave to amend is to 'be freely

given when justice so requires[,]'" the most appropriate course of action is to allow plaintiff the

opportunity to amend its First Amended Complaint for reasons explained in greater detail below.

*Id.* (quoting Fed. R. Civ. P. 15(a)).  Courts are leery to grant motions to reconsider because the

"[i]mproper use of motions to reconsider 'can waste judicial resources and obstruct the efficient

administration of justice.'"  *Edwards v. U.S. Office of Pers. Mgmt.*, No. 07-2550-KHV-DJW,

2008 WL 4381978, at *3 (D. Kan. Sept. 26, 2008) (quoting *Resolution Tr. Corp. v. Williams*,

165 F.R.D. 639, 642 (D. Kan. 1996)).  This is why movants must shoulder such a substantial

burden to succeed on a motion to reconsider.  But here, *not granting* plaintiff's request to amend

the court's dismissal Order would waste judicial resources and very well could obstruct the

efficient administration of justice.  The court has not entered any judgment.  Discovery has not

yet started.  *See* Doc. 39 (scheduling a planning conference for January 11, 2017).  And, perhaps

most importantly, not allowing plaintiff to file an amended complaint could produce an injustice.

Among others, D. Kan. Rule 7.3(b) requires the court to avoid this result if at all possible.  The

court thus upholds its Order granting Pinnacle Bank's motion to dismiss, but grants plaintiff's

Motion to Reconsider to this extent:  the court grants plaintiff's request to amend its August 26

Order to grant plaintiff leave to file an amended complaint.  *E.g.*, *Ferluga*, 236 F.R.D. at 550

(denying motion to reconsider a previous order but amending that order to allow plaintiff to file a

third amended complaint).  In other words, the court amends its August 26, 2016 Order to rule

that the court dismisses plaintiff's conversion claim against Pinnacle Bank but without prejudice

to plaintiff filing an amended complaint.

To be clear, the court considers this case to present exceptional circumstances and

cautions parties against following plaintiff's example.  When a plaintiff discovers new evidence

that permits it to enhance or supplement its allegations in light of a motion to dismiss, it should

inform the court sooner, not later.  The court now explains why plaintiff is entitled to leave to

amend.

## II.    Motion to Amend

Plaintiff asks the court to grant it leave to amend its First Amended Complaint.

Plaintiff's proposed Second Amended Complaint realleges its conversion claim against Pinnacle

Bank—now labeled Count IV—adding new factual allegations, and asserts three new claims:  (1)

quantum meruit against Dinsdale, (2) unjust enrichment against Pinnacle Bank and Dinsdale, and

(3) civil conspiracy against Pinnacle Bank and Dinsdale.  Doc. 31-1 at 7, 9, 11, 13.  These three

new claims are, respectively, Counts III, V, and VI of the Proposed Complaint.  The court

considers plaintiff's Motion to Amend under Fed. R. Civ. P. 15.  *See Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2015) (applying Rule 15 to motions for leave to amend).

Rule 15(a)(2) provides that courts should "freely give leave when justice so requires." The decision whether to grant leave to amend is within the court's discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

Pinnacle Bank asks the court to deny plaintiff's Motion to Amend for two reasons: undue delay and futility.[3] Doc. 33 at 7–11.  The court responds to each issue separately, below.

## A.    Undue Delay

Though undue delay is one justification for denying a motion for leave to amend, "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).  But, as the Tenth Circuit has explained, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1488 (2d ed.

---

[3] Dinsdale did not respond to plaintiff's Motion to Amend despite plaintiff having served it on all counsel involved in this litigation.  If a party does not respond to a motion, the court "will consider and decide the motion as an uncontested motion" under D. Kan. Rule 7.4(b), and so may "grant the motion without further notice."  Dinsdale thus has waived any argument against plaintiff's Motion to Amend.  *See* D. Kan. Rule 7.4(b) ("[A] party or attorney who fails to file a responsive brief or memorandum . . . waives the right to later file such a brief or memorandum.").

12

1990)).  "The longer the delay, 'the more likely the motion to amend will be denied, as

protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient

reason for the court to withhold permission to amend.'"  *Id.* (quoting *Steir v. Girl Scouts of the

USA*, 383 F.3d 7, 12 (1st Cir. 2004)).  This is especially true "when the party filing the motion

has no adequate explanation for the delay."  *Frank*, 3 F.3d at 1365–66 (citing *Woolsey v. Marion

Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).  Indeed, courts in our Circuit "focus[]

primarily on the reasons for the delay" when considering whether to deny a motion for leave to

amend for undue delay.  *Minter*, 451 F.3d at 1206.  Denial is proper when the moving party "is

using Rule 15 to make the complaint a 'moving target,' to 'salvage a lost case by untimely

suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid

dismissal, or to 'knowingly delay[ ] raising [an] issue until the "eve of trial."'"  *Id.* (internal

citations omitted).

Although the court does not believe that plaintiff has tried to abuse Rule 15, it is reluctant

to find plaintiff's proffered reason for delay adequate.  Plaintiff contends that it could not amend

its First Amended Complaint before now because this case was stayed "for over eleven months

while motions to dismiss were pending," and that this stay was not lifted until sometime before

September 26, 2016, when plaintiff filed its Reply.  Doc. 36 at 1–2.  Neither characterization is

accurate.  Though the court did issue a stay in this case, the stay only applied to Count II of

plaintiff's First Amended Complaint—a claim asserted only against Dinsdale.  Doc. 34.  And,

the stay was in place for just two months—from September 19, 2016 to November 18, 2016.

Docs. 34, 43.  So, no stay ever prevented plaintiff from amending its claims against Pinnacle

Bank.  Indeed, Pinnacle Bank was no longer a party to this action when the court's stay took

effect.  *See* Doc. 30 (dismissing claim against Pinnacle Bank on August 26, 2016).

Nonetheless, plaintiff contends that all the parties believed this case had been stayed since March 2016.  On March 1, 2016, plaintiff "attempted to submit a Report of Parties['] Planning Meeting" in this case.  Doc. 32 at 3.  That same day, a law clerk for the assigned Magistrate Judge corresponded with plaintiff's counsel, explaining that "[t]he court has not set a scheduling conference in this case because of the pending motions to dismiss, transfer, or stay the case," and that the court would not "enter an initial order setting deadlines" for the parties to confer and draft a planning report until those pending motions were resolved.  *Id.* at 3–4.  This email, plaintiff contends, "effectively stayed" the case and so precluded plaintiff from amending its claims against Pinnacle Bank.  Doc. 36 at 1; Doc. 32 at 3–4.

An email from a judge's law clerk—alone—cannot stay a case.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that the power to stay a case is "inherent in every court"); *Scriptpro LLC v. Wal-Mart Stores, Inc.*, No. 05-2244-CM-JPO, 2006 WL 2294859, at *2 (D. Kan. Aug. 8, 2006) (staying case and requiring counsel to communicate with magistrate judge).  And, the fact that "[c]ounsel for [plaintiff], Dinsdale Bros., and Pinnacle Bank conferred and agreed that . . . [the] email meant [this case] was stayed," does not transform an explanatory email into a stay.

The court cannot find plaintiff's reason for delay wholly adequate.  Still, the overall purpose of Rule 15 is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  Here, discovery has not begun and so allowing plaintiff to amend its First Amended Complaint will not prejudice Pinnacle Bank.  The court thus concludes that the broader interests served by Rule 15 are sufficiently weighty to overcome any perceived shortcomings in plaintiff's proffered reason for

delay.  The court thus finds plaintiff's reason for delay excusable, but cautions against any thinking that the court would follow the same course in the future.

### B.    Futility

Pinnacle Bank also asserts that Counts IV, V, and VI of plaintiff's proposed Second Amended Complaint are subject to dismissal under Rule 12(b)(6) for failing to state a claim upon which relief may be granted.  Plaintiff contends that its conversion claim—Count IV—is not futile, but does not address Pinnacle Bank's arguments against Counts V and VI.  Nonetheless, the court grants plaintiff's Motion to Amend.

If a party opposes a motion for leave to amend solely on the basis that the amendment would be futile, the court may exercise its discretion to "allow the amendment . . . [so long as] the party opposing it will have an opportunity to challenge the sufficiency of newly added claims through a motion to dismiss."  *Koehler v. Freightquote.com, Inc.*, No. 12-2505-KHV-GLR, 2013 WL 3878170, at *4 (D. Kan. July 26, 2013) (citing *Tommey v. Comp. Scis. Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012)); *accord Monge v. St. Francis Health Ctr., Inc.*, No. 12-2269-EFM, 2013 WL 328957, at *3 (D. Kan. Jan. 10, 2013), *adopted by* 2013 WL 328986 (D. Kan. Jan. 29, 2013).  The same is true when a party opposes an amended on multiple grounds.  If the court finds the party's other grounds of opposition unpersuasive, it "may properly exercise its discretion to allow the amended complaint" as if the party had opposed the amendment only on the basis of futility.  *Monge*, 2013 WL 328957, at *3 (citing *Tommey*, 2012 WL 646022, at *2).  Courts especially favor this approach if the party opposing a motion for leave to amend only opposes part of the proposed amended complaint.  *See Koehler*, 2013 WL 3878170, at *4 (granting motion for leave to amend complaint because the defendant

did not "alleg[e] that the amended complaint would be subject to dismissal, but rather that one of the new claims . . . [was] subject to dismissal").

Here, the court found Pinnacle Bank's undue-delay argument unpersuasive and Pinnacle Bank will be able to challenge the sufficiency of plaintiff's new claims in a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(3). Moreover, Pinnacle Bank opposes only part of the proposed Second Amended Complaint and does not contend that it will be prejudiced if the court grants plaintiff's Motion to Amend. *E.g.*, *Teran v. GB Int'l, S.P.A.*, No. 11-2236-JAR, 2013 WL 3878160, at *3 (D. Kan. July 26, 2013) (allowing amendment despite four months' delay and futility argument in part because the defendants did not contend that allowing the proposed amendment would prejudice them in any way).

Granting plaintiff's Motion to Amend and allowing plaintiff to file its proposed Second Amended Complaint under these circumstances "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a) without creating prejudice against the opposing party." *Id.* So, at this early stage of the litigation, the court concludes that "the better course is to allow the amended complaint and address any contention of futility upon a dispositive motion." *Koehler*, 2013 WL 3878170, at *4; *Monge*, 2013 WL 328957, at *3; *Tommey*, 2012 WL 646022, at *2.

The court thus grants plaintiff's Motion to Amend. Plaintiff must file its proposed Second Amended Complaint within 14 days of the date of this Order. D. Kan. Rule 15.1(b). Pinnacle Bank and Dinsdale then have 21 days from the date that plaintiff serves its Second Amended Complaint to respond. *See* Fed. R. Civ. P. 15(a)(3) (stating "[u]nless the court orders otherwise" and so granting the court power to set a different deadline than the 14 days provided for in Rule 15(a)(3)); *see also Gen. Mills, Inc. v. Kraft Foods Glob., Inc.*, 495 F.3d 1378, 1380 (Fed. Cir. 2007) ("Rule 15(a) permits a district court to 'otherwise order[ ]' a different deadline

for responding to an amended complaint, and where a party may be prejudiced by being forced to answer an amended complaint that the party also moves to dismiss, we expect that most district courts would otherwise order a different deadline on the party's motion." (citations omitted)); *id.* at 1379 (explaining that Rule 12(a)(4)(A) does not apply when an amended complaint is filed after the time to respond to the original pleading has elapsed, and so Rule 15(a)(3)'s 14-day deadline controls).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Rezac Livestock Commission Company, Inc.'s Motion to Reconsider and for Leave to File an Amended Complaint (Doc. 31) is granted in part and denied in part. The court denies plaintiff's motion to alter or amend the part of its August 26 ruling where the court dismissed plaintiff's conversion claim against Pinnacle Bank. But, the court grants plaintiff's motion to amend its August 26 ruling to allow plaintiff to seek leave to amend its First Amended Complaint. The court also grants plaintiff's motion for leave to file its proposed Second Amended Complaint. Plaintiff must file this Complaint within 14 days from the date of this Order. Defendants Dinsdale Brothers, Inc. and Pinnacle Bank must file any response to the Second Amended Complaint within 21 days from the date plaintiff serves them with it.

**IT IS SO ORDERED.**

**Dated this 10th day of January, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**