# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

REZAC LIVESTOCK COMMISSION
    CO., INC.

           Plaintiff,

   v.

PINNACLE BANK, et al.,

           Defendants.

Case No. 15-4958-DDC

**STIPULATED PROTECTIVE ORDER**

The Parties in this action agree, and it is hereby ordered, that this Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced by the parties and designated as Confidential.

The parties assert in support of their request that protection of confidential information is necessary because materials produced or information otherwise disclosed may contain private financial information, competitive information, personnel information or other kinds of commercially sensitive and personal information that the producing party, based on a good faith belief, asserts is subject to confidentiality protection under relevant law.

    1.    <u>Materials Deemed Confidential</u>.  If a party or an attorney for a party has a good faith belief that certain documents, transcripts, or other materials or information (including digital information) subject to disclosure pursuant to a discovery request or other request are confidential and should not be disclosed other than in connection with

1

this action, the party or attorney shall mark each such document or other materials as "CONFIDENTIAL." A party may designate as "CONFIDENTIAL" materials produced or disclosed by any other party or third party. Nothing in this section shall be construed as an agreement by the receiving party that any designation of material as "CONFIDENTIAL" is appropriate and nothing herein shall prevent a receiving party from challenging any such designation.

2. <u>Inadvertent Disclosure</u>. The following procedures shall govern instances in which a party has inadvertently produced or disclosed materials for which any privilege or protection is claimed, including but not limited to the attorney-client privilege or work-product protection:

a. The producing party must notify the receiving party promptly, in writing or on the record, upon discovery that a document has been inadvertently produced. Upon receiving written notice from the producing party that privileged and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party or destroyed within five business days of receipt of such notice and the receiving party shall not use such information for any purpose, until further order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the document in electronic format, and shall provide the producing party with written notice that all copies of the document have been returned or destroyed. If the receiving party intends to file a motion under paragraph 4(b), below, it may maintain a copy of the document for purposes of filing such a motion.

b. If the receiving party, after notice of such inadvertent disclosure as set forth above in paragraph 4a, contests the privilege or work-product designation by the producing party, it shall file a motion to compel production of the document or information. The receiving party shall not assert the disclosure as a ground for compelling production unless it is asserted that any such privilege was knowingly and intentionally waived.

c. The producing party retains the burden of establishing the privileged or protected nature of any document or information that is claimed as privileged or otherwise protected. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of such documents or information.

d. Upon notification of inadvertent disclosure from the producing party, the receiving party shall place any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information in sealed envelopes if in hard copy form or shall segregate such analyses, memoranda, or notes if in electronic form.

e. Absent a ruling by the Court that the disclosed information is not privileged or otherwise protected, the inadvertent disclosure of the information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege or the protection afforded to work-product materials or the subject matter thereof, as to the inadvertently disclosed document or information and any related material, and such documents and information shall be destroyed or returned to the producing party.

3. <u>Challenging Designation of Confidentiality</u>. If a party or an attorney for a party disputes the propriety of a "CONFIDENTIAL" designation, the parties and/or attorneys shall attempt to resolve the dispute between themselves by written or verbal means. If they are unsuccessful, the challenging party may file an appropriate motion. The challenging party and its attorneys shall nevertheless treat the documents or information as "CONFIDENTIAL" until such time as this Court rules on the motion. Any use of a document or information by either party in connection with this lawsuit prior to the filing of such a motion will not be deemed a waiver of the right to request designation of the document as "CONFIDENTIAL". In addition, a party does not waive its right to challenge a "CONFIDENTIAL" designation by electing not to mount a challenge at the time a designation is made and is not precluded from making a subsequent challenge thereto during the pendency of this litigation.

4. <u>Distribution of Confidential Materials</u>. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material marked "CONFIDENTIAL" or the contents thereof, except in accordance with this Protective Order.

5. <u>Persons Entitled to View Confidential Materials</u>. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may only be disclosed to the following individuals:

a. Counsel of record for the parties to this action, together with the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel who are directly involved in the conduct of this action;

b. Court officials involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions);

c. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

d. Persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify or when reasonably necessary during their testimony;

e. Outside consultants or experts retained for the purpose of assisting counsel in this action, but only to the extent reasonably necessary for them to provide such services in this action;

f. Any person or entity who created or previously received the document; and

g. Any other person with the prior written consent of the party designating the document or other material as "CONFIDENTIAL".

6. <u>Use of "CONFIDENTIAL" Materials</u>. Any document or other material marked "CONFIDENTIAL," or the contents thereof, may be used by a recipient only in connection with this action. Nothing contained in this Protective Order shall prevent the use of any document or other material marked "CONFIDENTIAL," or the contents thereof, as evidence at trial or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial, at depositions, and in the filing of any documents or materials with the Court to protect the confidentiality of any document or other material marked "CONFIDENTIAL" or the contents thereof. For example, the party who received the

"CONFIDENTIAL" material and wishes to introduce such materials in a court filing or at trial must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. In addition, nothing in this order shall preclude the receiving party from using "CONFIDENTIAL" material to make reports, create simulations, etc., but such work product shall itself be designated "CONFIDENTIAL."

7. <u>Return or Destruction of Confidential Materials After Litigation</u>. At the conclusion of the proceedings in this action, all documents and materials marked "CONFIDENTIAL," including any copies, extracts, or summaries thereof, or documents containing or derived from information taken therefrom, shall be promptly returned to producing counsel or destroyed, and each party's counsel shall certify that this has been done in compliance with this paragraph. Notwithstanding the other provisions of this paragraph, counsel for each party may retain one (1) complete set of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses. All persons subject to this Protective Order shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order. Nothing herein shall require counsel for any party to return or destroy correspondence, including electronic email correspondence, which has

"CONFIDENTIAL" materials attached thereto but legal counsel shall remain bound to preserve the confidentiality of such materials.

8. <u>Subpoenas and Legal Process</u>.  In the event that any party is subpoenaed or served with any other legal process by a person not a party to this litigation and is thereby requested to produce or otherwise disclose "CONFIDENTIAL" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to the production of the "CONFIDENTIAL" information by setting forth the existence of this Protective Order and shall give prompt and immediate written notice to the party who produced the "CONFIDENTIAL" information in this litigation and its attorneys. Nothing in this Protective Order shall be construed as requiring the party from whom "CONFIDENTIAL" information was requested to challenge or appeal any order requiring production of "CONFIDENTIAL" information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.  Notwithstanding the other provisions of this paragraph, a party from whom "CONFIDENTIAL" documents or information are subpoenaed or otherwise required by a governmental agency must notify the entity requesting the documents or information of its "CONFIDENTIAL" status, and may ultimately produce the documents or information to that agency without itself making objections, but shall provide prompt and immediate written notice of any such subpoena to the party who disclosed the "CONFIDENTIAL" information and its attorneys.

9. <u>No Effect on Other Issues</u>.  Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged

relevancy, admissibility, or discoverability of the documents or other materials marked "CONFIDENTIAL" and disclosed pursuant to this Protective Order.

10. <u>Use of Confidential Documents in Business</u>. This Protective Order does not affect the right of the parties to use their own "CONFIDENTIAL" documents or information in the ordinary course of business.

11. <u>Waiver</u>. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.

IT IS SO ORDERED.

DATED this 1st day of September, 2017.

BY THE COURT:

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate

WE SO MOVE and agree to abide by the terms of this Order

| **BRYAN CAVE LLP** | **SPENCER FANE LLP** |
|---|---|
| By: /s/ Michelle M. Masoner | By: /s/ Scott C. Sandberg |
| Robert M. Thompson    KS #14673<br>Michelle M. Masoner    KS #18424<br>Stephanie C. Bradshaw    KS #26716<br>1200 Main Street, Suite 3800<br>Kansas City, Missouri 64105<br>Telephone: (816) 374-3200<br>Facsimile: (816) 374-3300<br>rmthompson@bryancave.com<br>michelle.masoner@bryancave.com<br>stephanie.bradshaw@bryancave.com<br><br>Attorneys for Plaintiff | Thomas Hiatt<br>1000 Walnut St., Suite 1400<br>Kansas City, MO 64106<br>thiatt@spencerfane.com<br><br>John O'Brien Admitted Pro Hac Vice<br>Scott C. Sandberg Admitted Pro Hac Vice<br>1700 Lincoln St., Suite 2000<br>Denver, Colorado 80203<br>jobrien@spencerfane.com<br>ssandberg@spencerfane.com<br><br>Attorney for Defendant Dinsdale Bros., Inc..<br><br>**GOODELL, STRATTON, EDMONDS & PALMER**<br><br>By: /s/ T. Randall Wright<br>Timothy A. Shultz<br>515 S. Kansas Ave.<br>Topeka, KS 66603<br>Phone: 785-233-0593<br><br>T. Randall Wright<br>Baird Holm LLP<br>1700 Farnam Street, Suite 1500<br>Omaha, NE 68102-2068<br>402.636.8228 Direct Dial Phone<br>Attorneys for Pinnacle Bank |