IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REZAC LIVESTOCK COMMISSION CO. INC.** | 5:15 04958 |
| **Plaintiff,** | **DEFENDANT PINNACLE BANK'S REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT** |
| v. | |
| **PINNACLE BANK AND DINSDALE BROS., INC.** | |
| **Defendants.** | |

Rezac's counsel makes several arguments in its Memorandum in Opposition to the Bank's Motion for summary judgment which Pinnacle Bank will address in this reply.

**1. Rezac asserts that on October 6, the Leonard Account 161 had a positive balance of $1,589,433.80, and that therefore the Bank was obligated to honor the Rezac check.**

First, a mere claim that the bank should have honored a check that it did not honor, brought by the payee of a check, does not constitute a cognizable claim.  For an improper refusal to honor the check, the *depositor* may have an action against the bank by reason of such refusal.  However, the holder or payee of a check has no such claim and the bank is not liable to the holder unless and until it accepts or certifies the check. *Torkelson v. Bank of Horton*, 208 Kan. 267, 491 P.2d 954 (1971); *Galyen Petroleum Co. v. Hixson*, 213 Neb. 683, 331 N.W. 2d 1 (1983).   As this court stated in *Four Circle Co-op v. Kansas State Bank and Trust*, 771 F. Supp. 1144 (D. Kan. 1991), the payee of a check has no recourse against the drawee bank for the dishonor of a check.  *Id*. at 1153 (there is "not one ounce of privity between the holder of a check and the drawee bank, assuming no certification and no retention beyond the midnight deadline."). Nor, said the Four

Circle court "can the holder sue the drawee bank for wrongful dishonor of an insolvent depositor's check just because the bank dishonored the item in order to protect its own interests."

Second, in this case, 17 checks were presented against Account 161 on October 6, and each of them was in an amount that was less than the Rezac check. All were honored. *See* Kimball Decl., Exhibits 1 and 2 attached. As we previously established, the bank's consistent protocol was to honor checks from lowest in amount to highest. That left no funds with which to pay the Rezac check.

Third, the funds attributable to the account that day could not have included any of the Dinsdale funds (which Rezac erroneously claims it owned), because the Dinsdale funds were wired to the account on October 1 and the account balance had been repeatedly exhausted in the several days after that, as more than a dozen checks were presented prior in time to the Rezac check. This was shown in the Bank's reply brief filed July 13, 2018, which included an excerpt from the account statement.

Since the Dinsdale funds were exhausted as of October 6 (a point that Rezac does not appear to contest) and since the Bank did not set off against the account (also not contested) Rezac is left arguing that the Bank was obligated to pay the Rezac check, and therefore dishonor all the other checks presented that day. In support of this proposition, Rezac repeatedly beats the drum of the Bank's knowledge that the Dinsdale funds and the Rezac check were linked.

But the Plaintiff's claim is for conversion. When a bank honors its customer's checks to third parties, it is not committing conversion of account funds. Conversion is a distinct act of dominion, wrongfully asserted over another's goods or chattels, in a manner that is in denial or inconsistent with that person's rights. *Carmichael v. Halstead Nursing Center,* 237 Kan. 495, 701 P. 2d 934 (1985); *Temmen v. Kent Brown Chevrolet*, 227 Kan. 50, 605 P. 2d 95 (1980)); *United*

*General Title Insurance Company v. Malone*, 289 Neb. 1006, 858 N.W. 2d 196 (2015).  When a bank pays checks lawfully presented in permissible order and takes none of the funds for its own account, it has not converted property, and we have found no case that says otherwise.  The cases in which the bank is held liable are those in which the bank took the funds for itself—not those where it acted merely as a conduit.  These cases are all identified and in many instances explained at length in prior briefs.

**2.  Rezac argues that the Arkansas case,** *Smith v. Security Bank & Trust***, 119 SW 2d 556 (Ark. 1938) establishes that once a bank has notice of the purpose of a deposit, it must pay the corresponding check.  But that case, like the others argued by Rezac, was a setoff case.**

In *Smith*,  an auctioneer of cattle had the responsibility for accepting funds from buyers at his auction and paying them to sellers.  It is apparent from the case that that the court believed that the auctioneer held the funds in trust, or as a fiduciary, for his sellers—which distinguishes it from the case at bar.  Moreover, the Bank in Smith took the funds—appropriated them for itself to pay a debt the auctioneer owed it, by agreement with Smith.  As a result, *Smith,* like so many of the other cases cited by Plaintiff, is a set off case.  We quote from *Smith:*

> Kupper [the auctioneer] and the bank had no lawful right to make an agreement to appropriate the funds <u>in payment of Kupper's individual debt to the bank</u>.  When such an agreement was made and actually carried out, both Kupper and the bank became liable on the theory of an unlawful conversion of the funds.

*Id*.  at 561.  (Emphasis added).

**3.     Rezac argues that setoff is not an element of conversion, and that therefore it should prevail.**

It is certainly true that among the elements of setoff, set forth above and in the Kansas and Nebraska cases, setoff is not stated.  But the Bank's position here is not that set off is an element of conversion, but rather that setoff is one of only two exceptions to the rule that an action for conversion of a bank account will not lie.  Therefore, in the absence of setoff (or of the "special account") the Plaintiff cannot prevail.

**4.     Rezac argues that the Bank's knowledge of the relationship between the wire and the Rezac check required it to pay the Rezac check, and, by inference, to dishonor the others.**

That is simply not the law that governs banks and check payees.  If it were, then every time a check was presented—tens of thousands of times per day for some banks--the bank would be required to investigate the purpose of the check and obtain information from its employees as to whether a recent deposit was intended to cover that check.  Neither courts nor legislators have ever placed that burden on banks.  Instead, the courts have provided rules which govern these situations, and the rule here--as we have previously stated, and as this court held—is that a bank is not liable in conversion with respect to a bank account except in the instance of a setoff or a special account.

**5.     Rezac asserts that the Bank has cited no cases where the Bank prevailed, even though it had knowledge of the source and purpose of the funds.**

We submit that *Four Circle Co-op v. Kansas State Bank and Trust*, 771 F.Supp. 1144     (D. Kan. 1991) decided by this court,  is one such case.  There, the court stated that the Bank was familiar with the account customer's business of buying grain, then re-selling it, and using resale

4

proceeds to pay buyers.  Further, the court noted that the plaintiff was arguing that a bank's knowledge of the source of funds in an account simply allows the plaintiffs to side-step the issue of ownership of those funds.  The court disagreed with that approach, and held that the Plaintiff did not own the funds in the grain seller's account despite such knowledge.  *See also*, *Meyers v. Norwest Bank*, 112 F.3d 946 (8th Cir. 1997) holding that the bank did not act in bad faith in dishonoring a check payable to Plaintiff.  The court said:

> [Plaintiff] offered evidence to show that it sold cattle to the feedlot which were then sold to the packer IBP for cash, which was deposited into the feedlot account. In other words, [Plaintiff] believes that its ability to trace proceeds from the cattle sales into the account before February 11, 1994 demonstrates that the bank converted those funds when it closed the account on that date…[Plaintiff's] ability to trace the funds into the account before February 11, 1994 is not sufficient to establish an ownership or possessory interest in those proceeds.

Id at 950.

**5. Plaintiff is not entitled to punitive damages**.  As a final point, we note that Plaintiff has not argued that it's claim for punitive damages can withstand the Bank's motion for summary judgment.

**CONCLUSION**

The Plaintiff twists and writhes in an effort to avoid summary judgment, but it cannot get past the problem that its claim against the Bank has always suffered from—it cannot meet the long-standing requirements of a claim for conversion with respect to a bank account.  Courts have handed down decisions on such cases for decades, and they are consistent with this court's view, as expressed in its opinion at Filing No. 30, dismissing

the Plaintiff's initial Complaint.  We ask that summary judgment be entered in favor of the

Bank.


                Respectfully submitted,


        By:   /s/Timothy A. Shultz
             Timothy A. Shultz
             Goodell, Stratton, Edmonds & Palmer, LLP
             515 So. Kansas Ave.,
             Topeka, KS 66603
             Phone:  (785) 233-0593
             tshultz@gseplaw.com

             and

             T. Randall Wright
             BAIRD HOLM LLP
             1500 Woodmen Tower
             Omaha, NE  68102-2068
             Phone:  402-344-0500
             rwright@bairdholm.com
             **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 27th day of July, 2018, I electronically filed the foregoing pleading with the Clerk of the United States District Court using CM/ECF system which sent notification of such filing to the following parties:

Michelle Masoner
Robert Thompson
Bryan Cave, LLP
1200 Main St., Ste. 3800
Kansas City, MO 64105
michelle.masoner@bryancave.com
rmthompson@bryancave.com
**ATTORNEYS FOR PLAINTIFF**

Scott Sandberg
John O'Brien
Spencer Fane, LLP
1700 Lincoln St., Ste. 2000
Denver, CO 80203
ssandberg@spencerfance.com
jobrien@spencerfane.com
**ATTORNEYS FOR DEFENDANT DINSDALE BROS.**

              /s/ Timothy A. Shultz