# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

REZAC LIVESTOCK COMMISSION CO., INC.,

    Plaintiff,

v.

PINNACLE BANK, et al.,

    Defendants.

Case No. 15-4958-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Pinnacle Bank's ("Pinnacle") Motion to Reconsider or, in the Alternative, Judgment on the Pleadings (Doc. 215) and defendant Dinsdale Bros., Inc.'s ("Dinsdale") Motion to Reconsider Summary Judgment on Civil Conspiracy Claim and for Judgment on the Pleadings for Civil Conspiracy Claim (Doc. 217). These motions follow the court's Memorandum and Order ruling various Motions in Limine for the trial scheduled to begin January 8, 2020. Doc. 214. Plaintiff Rezac Livestock Commission Co., Inc. opposes the motions (Doc. 220). And Pinnacle has filed a Reply (Doc. 221).

Plaintiff asserted conversion, unjust enrichment, quantum meruit,[1] and civil conspiracy claims against defendants arising from a cattle sale gone wrong. Dinsdale has counterclaimed seeking a declaratory judgment deciding the character, if any, of its title to the cattle. The court previously considered arguments for summary judgment against each claim. *See* Doc. 125. After initially denying summary judgment on the conversion claim against Pinnacle, the court

---

[1]     For reasons the court will explain in a separate Memorandum and Order ruling which issues are triable to the jury, the court concludes plaintiff has waived the quantum meruit claim against Dinsdale. It was not included in the Pretrial Order and the elements under Kansas law are the same as the elements of the unjust enrichment claim against Dinsdale—which was included in the Pretrial Order and remains for trial.

later granted summary judgment against this claim following a motion to reconsider. *See* Doc. 157. However, Pinnacle did not ask the court to reconsider its summary judgment rulings on any other claims.

As part of Pinnacle's motion in limine asking the court to exclude certain evidence from trial, Pinnacle pointed out that, without the underlying conversion claim against it, one of the elements needed to support a civil conspiracy claim against Pinnacle was missing. The court analyzed this issue, and agreed under Tenth Circuit precedent that the civil conspiracy claim against Pinnacle likely fails as a matter of law because no independent actionable tort claim remains against Pinnacle. *See* Doc. 214 at 7–13. And, the court explained that if the civil conspiracy claim against Pinnacle fails as a matter of law, the civil conspiracy claim against Dinsdale likely fails as well. *See id.* at 12–13. But, the court noted these issues were not properly before the court and proceeded to rule the motions in limine it was asked to consider.

Now, Pinnacle and Dinsdale have moved the court to reconsider yet again its summary judgment and limine rulings, or alternatively, for judgment on the pleadings. *See* Doc. 215 at 1; Doc. 217 at 1. The reconsider part of their motions asks the court to reconsider its December 21, 2018 Memorandum and Order (Doc. 125) on summary judgment motions and its December 23, 2019 Memorandum and Order (Doc. 214) on motions in limine in light of the court's analysis of Kansas civil conspiracy law. The judgment on the pleadings part of the motions, invoking Fed. R. Civ. P. 12(c), asks the court to enter judgment against plaintiff's civil conspiracy claims.

Plaintiff opposes these motions arguing that the court's analysis misreads Kansas law. Doc. 220 at 3. Plaintiff argues that "the wrong independent of the conspiracy need only come from one of the wrongful actors and not every one of them." *Id.* at 5. But, to its credit, plaintiff concedes its position conflicts with the Tenth Circuit's application of Kansas civil conspiracy

law. *Id.* at 3–7. If the court chooses to follow the Tenth Circuit precedent on this issue, plaintiff argues the court should reconsider its grant of summary judgment against plaintiff's conversion claim against Pinnacle. *Id.* at 3.

The court understands the gist of defendants' motions. As Doc. 214 recognized, it is likely that plaintiff's civil conspiracy claim cannot withstand a motion for judgment as a matter of law. *See* Doc. 214 at 7–13. But, that has been so ever since the court granted summary judgment against plaintiff's conversion claim against Pinnacle as a matter of law on June 26, 2019. *See* Doc. 157. The court declines to re-engineer the case's legal issues just one week before jury selection begins. The dispositive motion deadline was June 22, 2018. *See* Doc. 101 at 16. And the court's Memorandum and Order reconsidering the conversion claim against Pinnacle was decided six months ago. Yet, defendants now seek dispositive rulings just days before trial.

The court might be more receptive to an untimely motion if granting it would "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. But, granting defendants' untimely motion won't serve any of Rule 1's purposes. Pinnacle argues offering any evidence or argument attempting to prove a conspiracy and allowing the claim to remain intact through trial, even though it fails as a matter of law, will be "confusing" and "an inefficient use of time and judicial resources." Doc. 215 at 4. But, plaintiff's unjust enrichment claim against Pinnacle will proceed to trial—a procedural fact that Pinnacle's motion ignores. The conversion claim against Dinsdale remains for trial, too. The court cannot imagine how granting defendants' motions at this late date would shorten the trial. And, evidently, defendants envision no time saved either for they never suggest how their belated motions could shorten the trial. The court thus denies the motions.

That said, the court also declines to depart from Tenth Circuit precedent, as plaintiff argues it should. *See Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003) (explaining that when the Tenth Circuit "has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of [the Tenth Circuit], unless an intervening decision of the state's highest court has resolved the issue"); *see also Leavitt v. Jane L.*, 518 U.S. 137, 145 (1996) ("Our general presumption is that courts of appeals correctly decide questions of state law . . . . That general presumption is obviously inapplicable where the court of appeals' state-law ruling is plainly wrong."). Plaintiff has not cited nor has the court found any Kansas cases holding that a jury could find one defendant liable for a civil conspiracy based on an underlying tortious act by its co-conspirator where that defendant has committed no underlying tort or statutory violation has been committed.[2] Nor has plaintiff cited any Kansas or federal case decided after the two Tenth Circuit decisions allowing the submission of a civil conspiracy claim to the jury with no underlying tort or statutory violation committed by that defendant. The court also declines to reopen its Order granting

---

[2]   The Kansas cases the court has reviewed do not consider the issue directly, and often involve a tortious act or statutory violation by each co-conspirator. *See, e.g.*, *Stoldt v. City of Toronto*, 678 P.2d 153,156, 161–62 (Kan. 1984) (affirming grant of summary judgment against civil conspiracy claim brought against city and certain city council members for terminating plaintiff's employment through a vote at a city council meeting, where potential underlying unlawful acts to support the conspiracy were a civil rights violation for terminating without first providing a hearing or a breach of the Kansas Open Meetings Act, because a civil conspiracy "must be supported . . . by one or more unlawful, overt acts which produce an unlawful result" and the termination of the employment itself was a lawful result); *Meyer Land & Cattle Co. v. Lincoln Cty. Conservation Dist.*, 31 P.3d 970, 973, 976–77 (Kan. Ct. App. 2001) (dismissing civil conspiracy claim against board of directors where underlying torts were based on a letter sent by the board of directors, but the statute of limitations had run on the underlying tort claims); *Vetter v. Morgan*, 913 P.2d 1200, 1206 (Kan. Ct. App. 1995) (concluding civil conspiracy claim against passenger could withstand summary judgment and, when discussing whether the record contained evidence for each element of civil conspiracy, noting that "each [defendant] engaged in an unlawful overt act" and so evidence existed "to support all elements necessary" to make the passenger liable for injuries caused by the act of the driver proximately causing the accident). *Cf. State ex rel. Mays v. Ridenhour*, 811 P.2d 1220, 1226–31 (Kan. 1991) (interpreting, based on the theory of civil conspiracy, that a "seller" of a security under the Kansas Security Act includes defendants who participated in the pyramid scheme and cashed out, even though they had not actively solicited others to participate, and concluding that by their own participation and cashing out defendants had committed an unlawful overt act in furtherance of the conspiracy).

summary judgment against the conversion claim against Pinnacle. So, while the civil conspiracy claims technically remain in the case, the court does not foresee how it could submit a civil conspiracy claim to the jury—assuming defendants make a motion for judgment as a matter of law under Fed. R. Civ. P. 50.

Pinnacle alternatively asks the court—in the event the court declines to reconsider its summary judgment rulings or grant judgment against the civil conspiracy claim on the pleadings, as the court now has declined to do—to revise its limine rulings and restrict plaintiff from "referring to an alleged conspiracy." Doc. 216 at 6. Pinnacle argues the court should restrict plaintiff from "arguing or inferring that particular evidence proves or supports any particular element of a civil conspiracy claim" to "ensure that [Pinnacle] is not prejudiced by a nonviable legal claim." *Id.* at 6–7. The court declines this request. The procedural truth is that the civil conspiracy claim remains in this case at this juncture of the case. If plaintiff refers to a claim that is not in the case when submitted to the jury—and the court is not certain how or when it properly could do so—defendants can request an instruction to cure any prejudice imposed by such reference.

**IT IS THEREFORE ORDERED THAT** defendant Pinnacle Bank's Motion to Reconsider or, in the Alternative, Judgment on the Pleadings (Doc. 215) is denied.

**IT IS FURTHER ORDERED THAT** defendant Dinsdale Bros., Inc.'s Motion to Reconsider Summary Judgment on Civil Conspiracy Claim and for Judgment on the Pleadings for Civil Conspiracy Claim (Doc. 217) is denied.

**IT IS SO ORDERED.**

**Dated this 3rd day of January, 2020, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**