# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REZAC LIVESTOCK COMMISSION CO., INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**PINNACLE BANK, et al.**,<br><br>    Defendants. | Case No. 15-4958-DDC |

## MEMORANDUM AND ORDER

Plaintiff Rezac Livestock Commission Co., Inc. has asserted conversion, unjust enrichment, quantum meruit, and civil conspiracy claims against defendants Dinsdale Bros., Inc., ("Dinsdale") and Pinnacle Bank ("Pinnacle"). Plaintiff has requested a trial by jury "on all issues." Doc. 52; *see also* Doc. 101 at 16. The parties' proposed jury instructions framed a dispute whether plaintiff's unjust enrichment and quantum meruit claims are jury triable issues. At the final pretrial conference on December 19, 2019, the court invited the parties to submit briefs about whether plaintiff has a federal right to a jury trial on its unjust enrichment and quantum meruit claims that arise under Kansas law. *See* Fed. R. Civ. P. 39(a)(2) (explaining that a trial must be by a jury on all issues demanded unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial"). The court considered the parties' arguments carefully (Docs. 211, 212, 213) and orally ruled during trial on January 8, 2020 that the unjust enrichment claims would be tried to the court. This Order memorializes the court's oral ruling. For the reasons explained below, the court concludes that plaintiff has waived its quantum meruit claim and that plaintiff's unjust enrichment claims are not triable to the jury.

## I. Plaintiff's Quantum Meruit Claim Was Waived

Plaintiff's quantum meruit claim against Dinsdale was not included anywhere in the Pretrial Order. *See* Doc. 101. But, after the court entered the Pretrial Order, Dinsdale moved for summary judgment against this claim. *See* Doc. 103 at 26–27. And, both an unjust enrichment and a quantum meruit instruction are included in plaintiff's proposed jury instructions. *See* Doc. 183 at 21, 23. As explained below, the court concludes a separate quantum meruit claim does not remain for trial. Only the unjust enrichment claims remain.

The court denied summary judgment against the quantum meruit claim, considering the summary judgment arguments on quantum meruit and unjust enrichment together. *See* Doc. 125 at 54–57. And, the elements of quantum meruit and unjust enrichment under Kansas law are often recited as one and the same. *See, e.g., The Superlative Group, Inc. v. WIHO, L.L.C.*, No. 12-1468-JWL, 2014 WL 1385533, at *4 (D. Kan. Apr. 9, 2014) ("The elements of a claim for quantum meruit or unjust enrichment under Kansas law are as follows: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." (internal quotations and citations omitted)); *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 842, 846–48 (Kan. 1996) (addressing the "theory of quantum meruit/unjust enrichment" as one claim and reciting the three elements for such a claim); *Credit Mgmt. Servs., Inc. v. Tahirkheli*, No. 119,671, 444 P.3d 1018, 2019 WL 3367839, at *2 (Kan. Ct. App. July 26, 2019) ("[Plaintiff's] claim was one for quantum meruit, also known as a claim of unjust enrichment or as a quasi-contract claim. To recover, the plaintiff must show that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated and knew about the

benefit conferred; and (3) the defendant accepted and retained the benefit under circumstances that make retention unjust. When the plaintiff makes those showings, the plaintiff has a right to recover the reasonable value of the services or benefits provided."); *Diagnostic Imaging Ctr., P.A. v. Waddell*, No. 102,430, 231 P.3d 587, 2010 WL 2217588, at *7–8 (Kan. Ct. App. May 21, 2010) ("Quantum meruit, otherwise known as unjust enrichment, lies in a promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to him. A quasi-contract based on unjust enrichment is created on the basis of justice and equity, regardless of the assent of the parties, and is a legal device used to enforce noncontractual duties." (internal quotations and citation omitted)).

The court previously determined—when denying Dinsdale's motion to dismiss—that it would treat unjust enrichment and quantum meruit as separate causes of action despite "Kansas courts' tendency to use the terms 'unjust enrichment' and 'quantum meruit' interchangeably." Doc. 55 at 33. The court explained that:

> Commentators and courts from other states have opined for decades that "the two doctrines"—quantum meruit and unjust enrichment—"are not interchangeable." 66 Am. Jur. 2d *Restitution* § 33 (footnote omitted). "[U]njust enrichment applies only in the absence of any quasi-contractual relationship; quantum meruit requires proof that services were rendered under circumstances consistent with contract relations." *Id.*

*Id.* Then, on summary judgment, the court concluded plaintiff's breach of contract claim asserted against Dinsdale failed as a matter of law because Mr. Leonard was not acting as Dinsdale's agent. Doc. 125 at 47. Now, the remaining claims asserted by plaintiff appear based on the same equitable elements, without a theory of any quasi-contractual relationship between plaintiff and Dinsdale. *Compare* Doc. 183 at 21, 23 (plaintiff's proposed jury instruction on quantum meruit with substantially similar elements as its unjust enrichment instruction) *with* PIK Civ. 4th § 124.17 (pattern instruction on measure of damages for quantum meruit explaining

3

quantum meruit involves a party "furnish[ing] goods . . . for another" with a "reasonable expectation of being compensated"). Plaintiff's claims appear based on "an inequity in allowing [Dinsdale] to retain a benefit," but not on plaintiff rendering services to Dinsdale "under circumstances consistent with contract relations." 66 Am. Jur. 2d *Restitution* § 33. Indeed, it does not appear disputed that plaintiff expected payment from Mr. Leonard consistent with its contractual relations with Mr. Leonard. No evidence suggests plaintiff expected to be compensated by Dinsdale. And plaintiff's conversion claim is based on its assertion that Dinsdale was not a good faith purchaser from Mr. Leonard.

Any quantum meruit claim here is intertwined with the unjust enrichment claim against Dinsdale. *See* Doc. 125 at 54–57 (summary judgment Order considering Dinsdale's arguments for summary judgment against plaintiff's unjust enrichment and quantum meruit claims together); *id.* at 35 ("Unjust enrichment serves as something of an equitable gap filler. It is an equitable theory designed to confer authority to rectify circumstances that make the retention [by the defendant of a benefit] unjust. In the contract setting, for example, the theory allows the court to impose a contract on a quantum meruit basis where, the court has concluded, no legally enforceable contract exists." (internal quotations and citations omitted)); *see also* Doc. 103 at 27–28 (Dinsdale's motion for summary judgment referring to plaintiff's "unjust enrichment/quantum meruit claims"); Doc. 117 at 22–24 (plaintiff's response brief asserting arguments against summary judgment on the unjust enrichment and quantum meruit claims together).

"The decision to exclude facts or issues as not found in the pretrial order is committed to the trial court's sound discretion." *Lewis v. Glickman*, No. 98-4154-SAC, 2000 WL 1863407, at *1 (D. Kan. Nov. 1, 2000). "[A] pretrial order defines the scope of an action for trial . . . ."

*Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1220 (10th Cir. 2000); *see also Sunderman v. Westar Energy, Inc.*, 520 F. Supp. 2d 1269, 1278 (D. Kan. 2007) ("The pretrial order is the controlling document for trial. . . . Claims not included in the pretrial order are waived."). Fed. R. Civ. P. 16(d) provides that the Pretrial Order "controls the course of the action unless the court modifies it." And, under Fed. R. Civ. P. 16(e), the "court may modify the order issued after a final pretrial conference only to prevent manifest injustice." But, while the Pretrial Order should be adhered to, it also "'should be liberally construed to cover any of the legal or factual theories that might be embraced by [its] language.'" *Koch*, 203 F.3d at 1220–21 (quoting *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir. 1979); *see also In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, No. 05-md-1721-KHV, 2009 WL 1247096, at *3 (D. Kan. May 5, 2009).

Even construing the Pretrial Order liberally, no separate quantum meruit claim against Dinsdale remains. And, the court finds no injustice will occur by excluding the quantum meruit claim from trial. Plaintiff's unjust enrichment claim—which asserts the same theory for recovery—remains. On these circumstances, the court concludes that the plaintiff waived the separately pleaded quantum meruit claim when it did not include it in the Pretrial Order. The court thus excludes the quantum meruit claim from the trial.

**II.     Right to Trial by Jury on Unjust Enrichment Claims**

The Supreme Court has made clear that in diversity actions "the right to a jury trial in the federal courts is to be determined as a matter of *federal* law . . . ." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (emphasis added); *see also Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1221 (10th Cir. 2013). While "the substantive dimension of the claim asserted [in a diversity case] finds its source in state law, . . . the characterization of that state-created claim as legal or

equitable for purposes of [deciding] whether a right to jury trial is indicated must be made by recourse to federal law." *Simler*, 372 U.S. at 222 (internal citations omitted).

The Seventh Amendment preserves the right to a jury in "[s]uits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. Thus, a constitutional right to a trial by jury attaches to an action involving "'rights and remedies of the sort traditionally enforced in an action at law, rather than an action in equity . . . .'" *Fischer Imaging Corp. v. Gen. Elec. Co.*, 187 F.3d 1165, 1168 (10th Cir. 1999) (quoting *Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974)). It is "[t]he nature of the issues presented and the remedies sought [that] determines whether an action qualifies as 'legal'" or equitable. *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1115 (10th Cir. 2009). So, to determine whether defendants have a right to a jury trial, the court must decide whether, under federal law, plaintiffs' claim and requested relief are legal or equitable in nature.

The court's analysis has two-parts. First, the court considers whether the unjust enrichment claims are analogous to historical actions at law or in equity. *Tull v. United States*, 481 U.S. 412, 417 (1987). Second, the court "examine[s] the remedy sought [to] determine whether it is legal or equitable in nature." *Id.* at 417–18. The nature of the remedy sought is "the more important factor." *Fischer*, 187 F.3d at 1168.

Plaintiff argues that its unjust enrichment claims are legal in nature, not equitable, so it has a Seventh Amendment right to a jury trial on these claims. Doc. 212 at 1–2. Plaintiff contends that it is not seeking restitution or return of the cattle, but is seeking, instead, money damages to compensate it for injuries caused by defendants retaining the cattle and the payment for the cattle. *Id.* at 2–3. Defendants, however, focus on the second factor. They argue that the

6

relief sought by plaintiff is restitutionary in nature, so the claims are equitable and must be tried to the court. Doc. 211 at 3–4; Doc. 213 at 1–3.

Under Kansas law, unjust enrichment is an equitable doctrine. *Univ. of Kan. Hosp. Auth. v. Bd. of Comm'rs of Cty. of Wabaunsee*, 327 P.3d 430, 441 (Kan. 2014) (explaining unjust enrichment/quantum meruit are equitable doctrines under Kansas law); *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 846 (Kan. 1996) (explaining unjust enrichment is a quasi-contract action and equitable in nature under Kansas law). The Kansas Supreme Court has explained that "[r]estitution and unjust enrichment are modern designations for the older doctrines of quasi-contracts." *Peterson v. Midland Nat'l Bank*, 747 P.2d 159, 168 (Kan. 1987). And, "whether one party can recover damages from another based upon the theory of unjust enrichment is a question of law" for the court to decide. *T.R. Inc. of Ashland v. Brandon*, 87 P.3d 331, 336 (Kan. Ct. App. 2004); *see also Haile Grp., LLC v. City of Lenexa*, No. 102,319, 242 P.3d 1281, 2010 WL 4977221, at *10 (Kan. Ct. App. Nov. 24, 2010) (holding plaintiff was not entitled to jury trial on unjust enrichment claim under Kansas law even where plaintiff sought money damages).

Under federal law, "[c]laims for quasi-contract arose and developed under the common law writ of assumpsit, and as a result, were historically" actions at law. *Fischer*, 187 F.3d at 1172 (first citing 1 Dan B. Dobbs, Law of Remedies § 4.2(3) (2d ed. 1993)., then citing *Austin v. Shalala*, 994 F.2d 1170, 1176–77 (5th Cir. 1993) (holding quasi-contract suit required jury trial because it was a legal action under the common law writ of assumpsit)). "The origins of unjust enrichment are both legal and equitable—but more the former." *Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440, 443 (7th Cir. 1984); *see also SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978) ("A historic equitable remedy was the grant of restitution by which

7

defendant is made to disgorge ill-gotten gains or to restore the status quo." (internal quotations and citation omitted)). Thus, applying federal law, the court concludes the nature of plaintiff's claim is legal.

Next, the court turns to the relief requested by plaintiff. As a general rule, suits for monetary relief are legal in nature. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998)); *see Simler*, 372 U.S. at 223 (holding suit to recover fees client owed lawyer under contingent fee contract was a legal action). But the Supreme Court has created two exceptions to this rule. Under those exceptions, courts consider suits for monetary relief equitable actions where: (1) the requested relief is "'incidental to or intertwined with injunctive relief;'" or (2) the relief sought is restitutionary. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 571–72 (1990) (quoting *Tull v. United States*, 481 U.S. 412, 423–24 (1987)).

Defendants contend the second exception applies here. They argue the relief plaintiff seeks is restitutionary. They contend the damages sought are traceable to the cattle and the purpose of the relief plaintiff seeks is restoring plaintiff to a financial position it was in before it sold the cattle and disgorging defendants of any ill-gotten gains. Doc. 213 at 2; Doc. 211 at 3. But, plaintiff claims it is seeking "fair and reasonable damages" to compensate it for its injuries, "not just the value of the cattle that were not returned." Doc. 212 at 3. It contends the monetary damages sought, which also include punitive damages and statutory interest, are compensatory— not restitution—and will "compensate [plaintiff] for the injury caused by the unjust enrichment of Defendants by virtue of their retention of the cattle and the payment due for the cattle." *Id.* Plaintiff contends it is not seeking to be restored to a previously-held position because it is not

8

requesting the cattle's return; instead, it is seeking damages for its injury caused by defendants. *See id.* at 2–3.

The court, however, finds plaintiff is seeking relief that is restitutionary in nature. Restitution is "a limited form of penalty" and "is limited to restoring the status quo and ordering the return of that which rightfully belongs" to the plaintiff. *Tull*, 481 U.S. at 424 (explaining that civil penalties under state statute were not analogous to restitution because they were not limited to restoring the status quo); *see also* Restatement (Third) of Restitution § 1 cmt. e(1) (2010) ("Restitution restores something to someone, or restores someone to a previous position."). "[R]estitution may be either equitable or compensatory." *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 944 (8th Cir. 1999); *see also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212–14 (2002) (explaining restitution can be a form of legal or equitable relief). As the Eight Circuit explained in *Kerr*:

> The basic distinction between equitable restitution and compensation focuses on the genesis of the award sought by plaintiff. A restitutionary award focuses on the defendant's wrongfully obtained gain, while a compensatory award focuses on the plaintiff's loss at the defendant's hands. Restitution seeks to punish the wrongdoer by taking his ill-gotten gains, thus, removing his incentive to perform the wrongful act again. Compensatory damages on the other hand focus on the plaintiff's losses and seek to recover in money the value of the harm done to him.

184 F.3d at 944.

Money damages to compensate a plaintiff for a loss caused by a wrong committed by a defendant are traditionally associated with legal relief. *Fischer*, 187 F.3d at 1169. But, "Kansas' law of unjust enrichment does not require any unjust conduct by the defendant—only the retention of the benefit must be unjust, under the circumstances of the case." *Hurtig v. Mattox*, No. 117,544, 408 P.3d 492, 2017 WL 6542803, at *9 (Kan. Ct. App. Dec. 22, 2017). As the Kansas Court of Appeals recently explained:

9

> The substance of an action for unjust enrichment lies in a promise implied in law that one will *restore* to the person entitled thereto that which in equity and good conscience belongs to that person. The proper measure of damages for unjust enrichment is *restitution of the value of the benefit conferred upon the defendant*. Restitution has been defined as rectifying unjust enrichment by restoring the other to the position he or she formerly occupied either by the return of something he or she formerly had *or* by the receipt of its equivalent in money. Accordingly, successful unjust enrichment plaintiffs will be placed in the same position that they would have been had the defendant not been unjustly enriched. In other words, for unjust enrichment claims, the ultimate goal is restoration not penalization.

*Walsh v. Weber*, No. 113,972, 379 P.3d 1150, 2016 WL 4750102, at *23 (Kan. Ct. App. Sept. 9, 2016) (internal quotations, alterations, and citations omitted).

Here, plaintiff seeks relief equivalent to the cattle's value as money damages because return of the cattle is not possible. The conversion and civil conspiracy claims also alleged in this case are premised on plaintiff's assertion that the cattle belong to plaintiff. *See Great-West Life*, 534 U.S. at 213–14 (explaining that restitution is equitable where money or property "identified as belonging in good conscience to plaintiff" could "clearly be traced to particular funds or property in the defendant's possession" and the action does not "seek . . . to impose personal liability on the defendant, but to restore the plaintiff particular funds or property in the defendant's possession").

Moreover, conversion and civil conspiracy claims focus on the plaintiff's loss at the defendant's hands. Under Kansas law, "[g]enerally, equitable remedies are not available if there is an adequate remedy at law." *Nelson v. Nelson*, 205 P.3d 715, 734 (Kan. 2009); *see also Lindsey Masonry Co. v. Murray & Sons Constr. Co.*, 390 P.3d 56, 69–70 (Kan. Ct. App. 2017) (explaining if damages are available for breach of contract, the court has "no reason to resort to equitable remedies"); *In re Estate of Area*, 351 P.3d 663, 671 (Kan. Ct. App. 2015) ("It is a long-standing principle that equity will not lie when a legal remedy exists."). So, plaintiff's unjust enrichment claims here must be focused on taking defendants' ill-gotten gains and restoring

10

plaintiff to a prior position it held because it already has asserted legal claims seeking compensatory damages for its loss of the cattle.

Finally, statutory interest and punitive damages are not the measure of damages for plaintiff's unjust enrichment claims. *See* Doc. 214 at 16–17 (explaining that the measure of damages for unjust enrichment is restitution of the value of the benefit conferred and that plaintiff's punitive damages claim must be premised on its tort claims and not unjust enrichment). "The proper measure of damages for unjust enrichment is restitution of the value of the benefit conferred upon the defendant." *Estate of Hetrick ex. rel Hetrick v. Cessna Aircraft Co.*, No. 99,987, 208 P.3d 808, 2009 WL 1692025, at *6 (Kan. Ct. App. June 12, 2009); *see also Brown v. K & L Tank Truck Serv., Inc.*, No. 15-9587-JWL, 2017 WL 3839414, at *6 (D. Kan. Sept. 1, 2017) (explaining that the "proper measure of damages" for unjust enrichment "is not the damages incurred by the [plaintiffs] from the corporation not performing under the alleged contract (in other words, the benefit of the bargain) but the value of the benefit conferred"); *Hurtig v. Mattox*, No. 117,544, 408 P.3d 492, 2017 WL 6542803, at *8 (Kan. Ct. App. Dec. 22, 2017) ("In determining the measure of damages in a claim of unjust enrichment the court focuses on the amount of benefit which the defendant received which would be unjustly retained, and does not necessarily focus on the value of money, labor, and materials provided by the plaintiff to the defendant." (internal quotations and citation omitted)). So, the court only considers the damages plaintiff seeks based on the alleged benefit conferred—*i.e.*, those damages arising from the benefit of retaining the cattle and the benefit of using the wired funds to keep Mr. Leonard's account open and continue to collect fees—as part of its analysis whether the unjust enrichment claims should be tried to the jury.

In sum, the court concludes the relief sought here is restitutionary. And, because the unjust enrichment claims seek relief that is equitable in nature, the court will decide these claims, following the jury's verdict on the legal claims. *Cf. Bangert Bros. Const. Co., Inc. v. Kiewit W. Co.*, 310 F.3d 1278, 1298–1301 (10th Cir. 2002) (concluding that jury's factual findings on defendant's counterclaim for a violation of the Colorado Public Works Act "precluded the district court from finding in favor of [defendant] on its quantum meruit [counter]claim" and setting aside court's judgment "under principles of issue preclusion" to "preserve [plaintiff's] Seventh Amendment rights"); *Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 732–34 (10th Cir. 2000) (explaining in diversity action with legal and equitable claims arising under New Mexico law that where jury found defendant not liable on conversion claim, court's findings on equitable claims must reconcile with the factual inferences from jury's finding of no wrongdoing by that defendant, and court's findings and holding that defendant was liable on quantum meruit/unjust enrichment claim was inconsistent with jury's verdict and judgment must be reversed).

### III.   Conclusion

For the reasons discussed above, the court finds that plaintiff's unjust enrichment claims, though they may be analogous to historical legal claims under federal law, seek relief that is equitable in nature. So, the parties must try these claims to the court not the jury. And, the court concludes plaintiff has waived its quantum meruit claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's unjust enrichment claims will be tried to the court.

**IT IS FURTHER ORDERED THAT** plaintiff waived its quantum meruit claim.

**IT IS SO ORDERED.**

**Dated this 9th day of January, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
